IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, as Trustee for ARLP SECURITIZATION TRUST 2014-2, Plaintiff, | § § § § § | |
| v. | § § | Civil Action No. 3:15-CV-3668-G-BK |
| TRACY JOE ANTENORCRUZ, Defendant. | § § § | |

**FINDINGS, CONCLUSION AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Judge's *Standing Order of Reference*, Doc. 8, this case is referred to the Magistrate Judge for pretrial management. Pursuant to 28 U.S.C. § 636(b)(1)(B)&(C), *Plaintiff's Motion for Final Summary Judgment*, Doc. 17, is now before the Court for findings of fact and a recommended disposition. For the reasons detailed herein, Plaintiff's motion should be **GRANTED**.

**A.      Background**

By this action, Plaintiff seeks authorization to foreclose on the property located at 4409 Brittany Drive, Rowlett, Texas 75088 ("the Property"). In January 2007, Defendant obtained a home equity loan from Dallas Home Loans, Inc. ("DHL") in the amount of $269,000. Doc. 19-1 at 3. In connection with this transaction, Defendant executed an adjustable-rate Texas Home Equity Note payable to DHL ("the Note"), Doc. 19-1 at 7-11, and a Texas Home Equity Security Instrument (First Lien) ("the Security Instrument"), granting DHL a security interest in the Property, Doc. 19-1 at 13-30. Thereafter, DHL endorsed and transferred the Note to New Century Mortgage Corporation ("New Century"), which, in turn, endorsed the note in blank. Doc. 19-1 at 3,

11. At some point, Plaintiff became the current holder of the Note and, thus, the beneficiary of the Security Instrument. Doc. 19-1 at 3, 14.

Around September 2013, Defendant defaulted on the Note.[1] Doc. 19-1 at 4, 44-45. In October 2014, notice was sent to Defendant via certified mail, informing him that he was in default of his payment obligations and that failure to cure the default by November 10, 2014 would result in the acceleration of the Note and the initiation of foreclosure proceedings ("the Notice of Default"). Doc. 19-1 at 4, 44-45, 51. In March 2015, Defendant was notified via certified mail that his loan was accelerated ("the Notice of Acceleration").[2] Doc. 19-1 at 4, 54-55.

In November 2015, Plaintiff filed the instant lawsuit asserting diversity jurisdiction and seeking an order of judicial foreclosure—specifically, that the Court declare that Plaintiff's lien against the Property "be enforced by a judgment and foreclosure under [the] Security Instrument's power-of-sale provision or, alternatively, by judicial foreclosure." Doc. 1 at 5-6. Plaintiff also seeks an award of its reasonable

---

[1] Defendant did not respond to Plaintiff's request that he admit that he has been in default of his payment obligations since September 2013. Doc. 18 at 3; Doc. 19-1 at 66. Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, Defendant was deemed to have admitted to the default due to his failure to respond. *See* FED. R. CIV. P. 36(a) (providing that requests for admissions are deemed admitted if not answered within 30 days). Matters deemed admitted are properly considered on summary judgment. *Hulsey v. Tex.*, 929 F.2d 168, 171 (5th Cir. 1991).

[2] Defendant did not respond to Plaintiff's request that he admit that he was sent the Notices of Default and Acceleration by certified mail, thus those matters are deemed admitted. Doc. 19-1 at 66; FED. R. CIV. P. 36(a).

attorneys' fees and costs. Doc. 1 at 5-6. In December 2015, Defendant timely filed a *pro se* answer, generally denying the allegations contained therein. Doc. 7 at 1.

In December 2016, Plaintiff filed the instant motion for summary judgment, Doc. 17, after which, Defendant filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas,[3] and this case was automatically stayed pursuant to section 362 of the Bankruptcy Code, *see* 11 U.S.C. § 362. Doc. 20; Doc. 21. In June 2017, following discharge of Defendant's Chapter 7 bankruptcy, and upon Plaintiff's motion, Doc. 22, this case was reopened. Doc. 23. In July 2017, Defendant was ordered to file a response to Plaintiff's summary judgment motion by August 1, 2017, or the Court would determine "the merits of Plaintiff's motion without the benefit of Defendant's response or any controverting summary judgment evidence." Doc. 24. To date, no response has been filed.

**B.      Applicable Law**

If a party does not file a response to a summary judgment motion, the court is not permitted to enter a "default" summary judgment. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). The court is, however, permitted to accept the movant's facts as undisputed when no opposition is filed. *Id.* Further, a summary judgment non-movant who does not respond to the motion is relegated to his unsworn pleadings, which do not constitute competent summary judgment evidence. *Ass'n of Taxicab Operators, USA v.*

---

[3] Case No. 4:17-BK-40157

*Yellow Checker Cab Co. of Dallas/Fort Worth, Inc.*, 910 F. Supp.2d 971, 975 (N.D. Tex. 2012) (Godbey, J.) (citing *United States v. Dallas Area Rapid Transit*, 96 F.3d 1445 (5th Cir. 1996)); *see also Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991) (stating that allegations in the plaintiff's unsworn complaint were insufficient to defeat summary judgment).

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). A dispute regarding a material fact is "genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal quotation marks omitted). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Id.* at 587 (quotation omitted).

4

**C. Analysis**

Defendant's pleadings are not verified and, therefore, are not competent summary judgment evidence. Accordingly, the court accepts the facts established by Plaintiff's evidence as undisputed. *Eversley*, 843 F.2d at 174.

As an initial matter, the Court finds that Plaintiff is entitled to enforce the Note. In Texas, physical possession of a note that bears a blank indorsement establishes ownership and the right to collect. *See* TEX. BUS. & COMM. CODE § 3.205(b) ("When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed."); *see id.* at § 1.201(b)(21)(A) (defining "holder" as "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession"). The Note reveals that it was endorsed by DHL, the original lender, to New Century, and by New Century in blank. Doc. 19-1 at 3, 11. Thus, the evidence that Plaintiff holds the Note endorsed in blank, Doc. 19-1 at 3-4, establishes that Plaintiff is entitled to collect on it. TEX. BUS. & COMM. CODE § 3.205(b); *Kiggundu v. Mortg. Elec. Registration Sys. Inc.*, 469 F. App'x 330, 331-32 (5th Cir. 2012) (per curiam) ("Because the note was endorsed in blank and the Bank of New York was in possession of the note, under Texas law, the Bank of New York was entitled to collect on it.") (citations omitted).

Plaintiff has also established that foreclosure is proper under the terms of the Security Instrument and the Texas Property Code. In Texas, a lender attempting to foreclose under a security instrument with a power of sale must demonstrate that (1) a

5

debt exists; (2) the debt is secured by a lien created under Article 16, Section 50(a)(6) of the Texas Constitution; (3) the borrower is in default under the note and security instrument; and (4) the borrower received notices of default and acceleration. *U.S. Bank, N.A. v. Moore*, No. 14-CV-2882-P, 2015 WL 11120972, at \*2 (N.D. Tex. Aug. 6, 2015) (Solis, J.) (citing *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp.2d 732, 740 (S.D. Tex. 2013) (citing TEX. PROP. CODE § 51.002)); *see also Wilmington Tr., Nat'l Ass'n v. Rob*, No. 15-CV-552-RP, 2016 WL 6604933, at \*2 (W.D. Tex. Nov. 8, 2016) (same).

To meet this burden, Plaintiff first produces the Note executed by Defendant in January 2007 in the amount of $269,000, Doc. 19-1 at 7-11, and the Declaration of Shevon Elam establishes that, as of September 14, 2016, the amount required to satisfy the balance in full was at least $340,763.31. Doc. 19-1 at 4. This evidence establishes the debt exists. Second, Plaintiff provides a copy of the Security Instrument—a lien created under Article 16, Section 50(a)(6) of the Texas Constitution for home equity loans. Doc. 19-1 at 13-30. Third, Plaintiff presents an affidavit from its mortgage servicer stating that the loan is in default for non-payment of the amount due on September 1, 2013, and in all subsequent months. Doc. 19-1 at 4. Defendant has admitted the same. *See* Doc. 19-1 at 66 (Request for Admission ("RFA") Nos. 5 & 6); FED. R. CIV. P. 36(a). Fourth, Plaintiff attaches the Notices of Default and Acceleration that were sent to Defendant via certified mail on October 11, 2014 and March 18, 2015, respectively. *See* Doc. 19-1 at 44-45, 51, 54-55. Defendant has admitted the same. *See* Doc. 19-1 at 66 (RFA Nos. 8 & 9); FED. R. CIV. P. 36(a). Finally, the terms of the

6

Security Instrument give Plaintiff the right to foreclose on the Property under these circumstances. Doc. 19-1 at 26.

In sum, Plaintiff has presented evidence that Defendant entered into a home equity loan secured by a lien created in compliance with the Texas Constitution, that Defendant defaulted on his payment obligations, and that the requisite pre-foreclosure notices were sent to Defendant via certified mail. *Moore*, 2015 WL 11120972, at *2; TEX. PROP. CODE § 51.002. Defendant, by virtue of his failure to file a summary judgment response, has failed to present any controverting evidence or raise any genuine issue of material fact as to the satisfaction of these requirements. Accordingly, Plaintiff is entitled to summary judgment on its claim for an order authorizing foreclosure of the Property.

**D.    Attorneys' Fees**

Plaintiff seeks an award of the court costs and reasonable attorneys' fees it incurred while prosecuting its foreclosure claim. Doc. 18 at 7. Generally, a party may only recover attorneys' fees if there is a statutory or contractual basis for such an award. *Summit Valley Indus. Inc. v. Local 112, United Bhd. of Carpenters & Joiners of Am.*, 456 U.S. 717, 721 (1982). Home equity loans are, commonly, non-recourse and preclude contractual mortgagor liability. TEX. CONST. Art. XVI § 50(a)(6)(C). However, this does not bar Plaintiff's "recovery of attorneys' fees and other expenses, as provided for in [the] security instrument, as part of the balance owed under the note," which "may be recovered against the property upon any foreclosure sale." *HSBC Bank USA, N.A. v.*

*Crum*, No. 14-CV-3522-B, 2017 WL 2362017, at *2 (N.D. Tex. May 31, 2017) (Boyle, J.) (alteration in original) (quoting *Huston*, 988 F. Supp.2d at 742).

Section 21 of the Security Instrument outlines the lender's remedies in the event of the borrower's default and states that the lender may "collect all expenses incurred in pursuing the remedies provided in . . . Section 21, including, but not limited to, court costs, reasonable attorneys' fees and costs of title evidence." Doc. 19-1 at 26. Thus, while Defendant is not personally liable for Plaintiff's reasonable attorneys' fees, Plaintiff may add such fees to the secured balance due under the Note, and may recover them upon any foreclosure sale. *Crum*, 2017 WL 2362017, at *2.

Plaintiff requests to submit evidence of it precise attorneys' fees and costs, including that incurred post-judgment. Doc. 18 at 7. To that end, Plaintiff must file a motion for attorneys' fees pursuant to Rule 54(d)(2) of the Federal Rule of Civil Procedure, complete with detailed billing records, **within 21 days** of the District Judge's acceptance of this Recommendation and the entry of judgment thereto.

**E.    Conclusion**

For the reasons stated herein, Plaintiff's *Motion for Final Summary Judgment*, Doc. 17, should be **GRANTED**.

**SO RECOMMENDED** on September 8, 2017.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute*, 28 U.S.C. §636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE